## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **JANE DOE, AS NEXT FRIEND OF** | * | |
| **INDIVIDUALS KNOWN TO THE** | | |
| **DEFENDANT AS CHILD 1 AND** | * | |
| **CHILD 2 IN THE YKND SERIES** | | |
| Anne Arundel County, Maryland | * | |
| | | |
| Plaintiff, | * | **JURY TRIAL DEMANDED** |
| | | |
| v. | * | |
| | * | |
| **SHAWN M. RIDEOUT** | | |
| Register No. 55659-060 | * | Case No. 14-cv-01110 |
| FCI Ashland | | |
| Federal Correctional Institution | * | |
| P.O. Box 6001 | | |
| Ashland, Kentucky 41105 | * | |
| | | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Jane Doe, as next friend of individuals known to Defendant as Child 1 and Child 2 in the video series known as YKND and/or DKNY,[1] minors, by and through her undersigned counsel, hereby files this Amended Complaint against Defendant, Shawn M. Rideout,[2] and alleges as follows:

---

[1] The Court granted Plaintiff permission to file cases related to this action under a Pseudonym to protect the identities of the minor children on whose behalf this action has been filed in Case No. 13-cv-1548 on June 4, 2013 (ECF No. 7).

[2] Defendant was formerly identified by the pseudonym John Doe 127. Because Plaintiff has verified that Defendant's name is on the public record as a defendant in a criminal proceeding involving related child pornography offenses, she now files this complaint using his actual identity, pursuant to the Orders issued by this Court in 13-cv-01548 (ECF Nos. 9 and 172).

**NATURE OF THE ACTION**

1.      Plaintiff is the mother of two young girls who, while only 4 and 6, were forced to engage in various sexual acts with their father and his adult friend in front of a camera.

2.      Video and images from these unspeakable acts were packaged together and posted to the Internet and have been widely circulated under the series name "DKNY" and "YKND."

3.      Defendant engaged a wide-ranging conspiracy to perpetuate the harms these children have endured by viewing, possessing, distributing and otherwise trading in the images memorializing the horrible abuse these children have suffered.

4.      Plaintiff brings this action under 18 U.S.C. §§ 2252A (f), 2255, which Congress enacted to help stop the demand for child pornography that led to the depraved acts committed against the children on whose behalf this action is brought.  Plaintiff also asserts causes of action, under Maryland law, which entitles these children to compensation for the harms they have suffered and will continue to suffer.

5.      By this suit, Plaintiff invokes all available equitable and legal remedies to remedy the wrongful conduct carried out by Defendant.

**THE PARTIES**

6.      Plaintiff, Jane Doe, is the natural parent, legal guardian and next friend of Child 1 and Child 2, who were sexually molested by their father and a co-conspirator in or about 2008, unbeknownst to Plaintiff.  Child 1 was approximately six years old when the abuse occurred and is now nine years of age.  Child 2 was approximately four years old when the abuse occurred and is now seven years of age.  Jane Doe, the mother, and her two daughters currently reside, and have resided throughout the relevant periods, within the state of Maryland.

7.     Defendant, Shawn M. Rideout, is currently incarcerated at the Federal Correctional Institution, Ashland in the state of Kentucky.

8.     Defendant pleaded guilty to one count receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and 18 U.S.C. § 2256 in the United States District Court for the Northern District of Ohio, Case No. 08-cr-00332.

9.     Among the images seized from Defendant's computers were images depicting Child 1 and Child 2 as part of the DKNY and/or YKND series.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this matter: (1) pursuant to 28 U.S.C. § 1331, as this action arises, in part, under the laws of the United States, specifically, 18 U.S.C. § 2252A (f) and 18 U.S.C. § 2255; and (2) under this Court's ancillary and pendant jurisdiction under 28 U.S.C. § 1367.

11.     This Court has personal jurisdiction over Defendant pursuant to the Maryland long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103 (as made applicable to this federal action pursuant to Rule 4 of the Federal Rules of Civil Procedure) and the Fourteenth Amendment to the United States Constitution.  The child abuse out of which this action arises occurred in Maryland and the majority of the witnesses and evidence relating to this action is found in Maryland.  Under subsection (b)(1) of Maryland's long-arm statute, Defendant transacted business in Maryland by electing to download image files that originated in Maryland, the subjects of which were Maryland residents.  Under subsection (b)(3) of Maryland's long-arm statute, Defendant caused tortious injury in Maryland by a direct act or by the act of an agent.  Additionally, 18 U.S.C. § 2255 provides that a victim who has suffered personal injury may sue in "any appropriate United States District Court."

12.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim in this case occurred in this judicial district.

## FACTUAL BACKGROUND

13.     When Child 1 was six and Child 2 was four, they were sexually assaulted, molested and forcibly raped by their father and his adult friend while being videotaped and photographed.

14.     The children's father and his co-conspirator produced the images and video of the abuse with the express purpose of gaining entry into a closed group of pedophiles who trade in images of child pornography.   Pedophile file-sharing groups require members to produce "new" pornography to demonstrate, among other things, that they are not affiliated with law enforcement.   Rings of pedophiles operate an illicit trade in child pornography.

15.     The children's father and his co-conspirator pled guilty to various federal charges relating to the production of child pornography and were sentenced to 45 and 36 years in prison respectively.

16.     Photographs and video depictions of the unspeakable abuse suffered by the children were uploaded to the Internet within the state of Maryland and have been exchanged and traded by child predators, *inter alia,* as part of a series of sexually graphic images and videos known to child predators and law enforcement as the "DKNY" and/or the "YKND" series.   (*See* Ex. A.)

17.     In connection with criminal charges pending against Defendant in this action, the United States Department of Justice has identified Child 1 and Child 2 as "victims" of Defendant's violations of 18 U.S.C. § 2252A and Child 1 and Child 2 were notified of the proceedings against each Defendant pursuant to the Victim Notification System ("VNS").   Accordingly, Child 1 and Child 2 have been deemed to be "victims" of the offenses with which Defendant was charged.

**COUNT I**
**VIOLATION OF 18 U.S.C.  § 2252A**

18.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19.     18 U.S.C. § 2252A(f) provides that any person "aggrieved" by a Defendant's violation of 18 U.S.C. § 2252A(a) or (b) may sue to recover compensatory and punitive damages and that the person may seek attorneys' fees and costs.

20.     Defendant violated 18 U.S.C. § 2252A(a) by receiving and distributing child pornography depicting the abuse of Child 1 and Child 2.

21.     As the children depicted in the obscene images unlawfully received and distributed by Defendant, Child 1 and Child 2 are plainly "aggrieved" by Defendant's receipt of those images.  Child 1 and Child 2 have suffered acute permanent personal injury in the form of severe emotional distress, mental duress and pain and suffering from the knowledge that Defendant derived sexual gratification from receiving and distributing images depicting the vile sexual molestation and rape perpetrated upon them.

22.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 suffered personal injury in the form of acute emotional distress because Defendant has perpetuated the market for the continued viewing and online distribution of the images depicting the abuse of Child 1 and Child 2.

23.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 live now, and will perpetually live, in fear that any person they encounter in their daily lives may recognize them as the children depicted in the obscene images received and distributed by Defendant.

24.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 have suffered economic losses including (without limitation): past and future counseling and medical expenses,

diminished earning capacity and economic harms relating to various trauma-related symptoms from which they now suffer and will continue to suffer in the future.

25.     Defendant's actions were motivated by actual malice as Defendant received and distributed the images despite the severe and irreparable harm he knew would be felt by the children depicted in the images in which he trafficked.

**WHEREFORE,** Plaintiff demands eight million dollars ($8,000,000.00) in compensatory damages and twenty-four million dollars ($24,000,000.00) in punitive damages, plus expert fees, other reasonable costs and any relief the Court may deem equitable and just in light of the severe harm perpetrated upon Child 1 and Child 2 by Defendant.

## COUNT II
## VIOLATION OF 18 U.S.C. § 2255

26.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

27.     Defendant violated 18 U.S.C. § 2252A(a) by receiving and distributing pornographic images of Child 1 and Child 2 depicting their abuse.

28.     18 U.S.C. § 2255 provides:

> Any person who, while a minor, was a victim of a violation of section 2241 (c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

29.     Child 1 and Child 2 were "victims" of Defendant's violations of 2252A(a) because they were depicted in pornographic images received and distributed by Defendant.

30.     In addition, Child 1 and Child 2 were minors at the time Defendant's violations occurred and are still minors.

31.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 suffered and continue to suffer acute personal injury in the form of permanent severe emotional distress, emotional duress and pain and suffering from the knowledge that Defendant derived sexual gratification from receiving and distributing images depicting the vile acts perpetrated upon them.

32.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 suffered personal injury in the form of acute emotional distress because Defendant has perpetuated the market for the continued online viewing and distribution of the images depicting the abuse of Child 1 and Child 2.

33.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 live now, and will perpetually live, in fear that any person they encounter in their daily lives may recognize them as the children depicted in the obscene images received and distributed by Defendant.

34.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 have suffered economic losses including (without limitation): past and future counseling and medical expenses, diminished earning capacity and economic harms relating to various trauma-related symptoms which they now suffer and will continue to suffer in the future.

35.     Defendant's actions were motivated by actual malice as Defendant received and distributed the images despite the severe and irreparable harm he knew would be felt by the children depicted in the images in which he trafficked.

**WHEREFORE,** Plaintiff demands eight million dollars ($8,000,000.00) in compensatory damages and twenty four million dollars ($24,000,000.00) in punitive damages, plus expert fees, other

reasonable costs and any relief the Court may deem equitable and just in light of the severe harm perpetrated upon Child 1 and Child 2 by Defendant.

**COUNT III**
**INVASION OF PRIVACY - INTRUSION UPON SECLUSION UNDER MARYLAND LAW**

36.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

37.     Defendant intentionally received and distributed images depicting Child 1 and Child 2.

38.     The images depicted the sexual abuse of two very young children and, by receiving and distributing the images, Defendant intentionally intruded upon the seclusion of Child 1 and Child 2.

39.     The images received and distributed by Defendant depicted the sexual assault of Child 1 and Child 2 as very young children, and therefore concerned affairs of a highly private nature.

40.     Defendant's acts of receiving and distributing the images of the abuse of Child 1 and Child 2 violated the reasonable expectations of privacy of Child 1 and Child 2.

41.     Defendant's acts of receiving and distributing such images would be highly offensive to any reasonable person.

42.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 suffered and continue to suffer acute personal injury in the form of severe emotional distress from the knowledge that Defendant derived sexual gratification from receiving and distributing images depicting the vile acts perpetrated upon them.

43.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 suffered personal injury in the form of acute emotional distress because Defendant has perpetuated the market for the continued viewing and distribution of the images depicting the abuse of Child 1 and Child 2.

44.     As a direct and proximate cause of Defendant's actions, Child 1 and Child 2 live now, and will perpetually live, in fear that any person they encounter in their daily lives may recognize them as the children depicted in the obscene images received and distributed by Defendant.

45.     As a direct and proximate cause of Defendant's actions, Child 1 and Child 2 have suffered economic losses including (without limitation): past and future counseling and medical expenses, diminished earning capacity and economic harms relating to various trauma-related symptoms from which they now suffer and will continue to suffer in the future.

46.     Defendant's actions were motivated by actual malice as Defendant received and distributed the images despite the severe and irreparable harm he knew would be felt by the children depicted in the images in which he trafficked.

**WHEREFORE,** Plaintiff demands one million dollars ($1,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages, plus attorneys' fees, expert fees, other reasonable costs and any relief the Court may deem equitable and just in light of the severe harm perpetrated upon Child 1 and Child 2 by Defendant.

## COUNT IV
## INVASION OF PRIVACY – APPROPRIATION OF NAME OR LIKENESS
## UNDER MARYLAND LAW

48.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if fully set forth herein.

49.     Defendant intentionally received and distributed images depicting Child 1 and Child 2.

50.     The images depicted the sexual abuse of Child 1 and Child 2 and, by receiving and distributing the images, Defendant intentionally appropriated the likeness of Child 1 and Child 2.

51.     By appropriating the likeness of Child 1 and Child 2, Defendant personally benefitted by deriving sexual and other gratification and by using the images as currency to perpetuate a continuing trade in child pornography.

52.     The images depicting the sexual abuse of Child 1 and Child 2 constitute one of the most highly circulated series of child pornography on the Internet.  Accordingly, within the relevant market, the images are of "commercial value."

53.     By appropriating the likeness of Child 1 and Child 2, Defendant has benefitted within the child pornography trading community from the commercial value of the images.

54.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 suffered and continue to suffer personal injury in the form of severe emotional distress from the knowledge that Defendant derived sexual gratification from receiving and distributing images depicting the vile acts perpetrated upon them.

55.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 suffered personal injury in the form of acute emotional distress because Defendant has perpetuated the market for the continued viewing and distribution of the images depicting the abuse of Child 1 and Child 2.

56.     As a direct and proximate result of Defendant's actions, Child 1 and Child 2 live now, and will perpetually live, in fear that any person they encounter in their daily lives may recognize them as the children depicted in the obscene images received and distributed by Defendant.

57.     As a direct and proximate cause of Defendant's actions, Child 1 and Child 2 have suffered economic losses including (without limitation): past and future counseling and medical expenses, diminished earning capacity and economic harms relating to various trauma-related symptoms from which they now suffer and will continue to suffer in the future.

58.     Defendant's actions were motivated by actual malice as Defendant appropriated the likeness of Child 1 and Child 2 despite the severe and irreparable harm he knew would be felt by the children depicted in the images in which he trafficked.

**WHEREFORE**, Plaintiff demands eight million dollars ($8,000,000.00) in compensatory damages and twenty-four million dollars ($24,000,000.00) in punitive damages, plus attorneys' fees, expert fees, other reasonable costs and any relief the Court may deem equitable and just in light of the severe harm perpetrated upon Child 1 and Child 2 by Defendant.

## COUNT V
## INVASION OF PRIVACY – UNREASONABLE PUBLICITY GIVEN TO PRIVATE LIFE UNDER MARYLAND LAW

59.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

60.     Defendant intentionally received and distributed images depicting Child 1 and Child 2.

61.     The images depicted the sexual abuse of Child 1 and Child 2 and, by receiving and distributing the images, Defendant gave unreasonable publicity to the private lives of Child 1 and Child 2.

62.     The images received and distributed by Defendant depicted the sexual assault of Child 1 and Child 2 as very young children, and therefore constituted crime scene images depicting affairs of a highly private nature.

63.     The fact that Child 1 and Child 2 were violently sexually assaulted by their father and a co-conspirator is not of valid concern to the public.

64.     Defendant's acts of receiving and distributing the images of the abuse of Child 1 and Child 2 violated the reasonable expectations of privacy of Child 1 and Child 2.

65.     Defendant's acts of receiving and distributing such images would be highly offensive to any reasonable person.

66.     As a direct and proximate cause of Defendant's actions, Child 1 and Child 2 suffered and continue to suffer acute personal injury in the form of severe emotional distress from the knowledge that Defendant derived sexual gratification from receiving and distributing images depicting the vile acts perpetrated upon them.

67.     As a direct and proximate cause of Defendant's actions, Child 1 and Child 2 suffered personal injury in the form of acute emotional distress because Defendant has perpetuated the market for the continued viewing and distribution of the images depicting the abuse of Child 1 and Child 2.

68.     As a direct and proximate cause of Defendant's actions, Child 1 and Child 2 live now, and will perpetually live, in fear that any person they encounter in their daily lives may recognize them as the children depicted in the obscene images received and distributed by Defendant.

69.     As a direct and proximate cause of Defendant's actions, Child 1 and Child 2 have suffered economic losses including (without limitation): past and future counseling and medical expenses, diminished earning capacity and economic harms relating to various trauma-related symptoms from which they now suffer and will continue to suffer in the future.

70.     Defendant's actions were motivated by actual malice as Defendant gave unreasonable publicity to the private lives of Child 1 and Child 2 despite the severe and irreparable harm he knew would be felt by the children depicted in the images in which he trafficked.

**WHEREFORE,** Plaintiff demands eight million dollars ($8,000,000.00) in compensatory damages and twenty-four million dollars ($24,000,000.00) in punitive damages, plus attorneys' fees,

expert fees, other reasonable costs and any relief the Court may deem equitable and just in light of the severe harm perpetrated upon Child 1 and Child 2 by Defendant.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER MARYLAND LAW

71.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

72.     Defendant intentionally received and distributed images depicting the sexual abuse of Child 1 and Child 2.  Defendant used these images as currency in the broader trade of child pornography among the rings of pedophiles in which he participated.

73.     Defendant knew or should have known that receiving and distributing images depicting the vile sexual abuse of very young children by trusted adults would result in continued extreme emotional distress for the children depicted in those images.

74.     Defendant's conduct was intentional, reckless, and in deliberate disregard of the emotional distress reasonably certain to result to Child 1 and Child 2 as a consequence of Defendant's actions.

75.     Any reasonable person in a civilized community would find Defendant's decision to receive and distribute images depicting the violent sexual assault of Child 1 and Child 2 extreme and outrageous.

76.     As a direct and proximate cause of Defendant's actions, Child 1 and Child 2 suffered and continue to suffer acute personal injury in the form of emotional distress so severe as to give rise to physical manifestations from the knowledge that Defendant derived sexual gratification from receiving and distributing images depicting the vile acts perpetrated upon them.

77.     As a direct and proximate cause of Defendant's actions, Child 1 and Child 2 suffered acute personal injury in the form of severe emotional distress because Defendant has perpetuated the market for the continued viewing and distribution of the images depicting the abuse of Child 1 and Child 2.

78.     As a direct and proximate cause of Defendant's actions, Child 1 and Child 2 suffered severe emotional distress in that they live now, and will perpetually live, in fear that any person they encounter in their daily lives may recognize them as the children depicted in the obscene images received and distributed by Defendant.

79.     As a direct and proximate cause of Defendant's actions, Child 1 and Child 2 have suffered economic losses including (without limitation): past and future counseling and medical expenses, diminished earning capacity and economic harms relating to various trauma-related symptoms from which they now suffer and will continue to suffer in the future.

80.     Defendant's actions were motivated by actual malice as Defendant received and distributed the images despite the severe and irreparable harm he knew would be felt by the children depicted in the images in which he trafficked.

WHEREFORE, Plaintiff demands eight million dollars ($8,000,000.00) in compensatory damages and twenty-four million dollars ($24,000,000.00) in punitive damages, plus attorneys' fees, expert fees, other reasonable costs and any relief the Court may deem equitable and just in light of the severe harm perpetrated upon Child 1 and Child 2 by Defendant.

## COUNT VII
## CIVIL CONSPIRACY UNDER MARYLAND LAW

81.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

82.    Defendant entered into an agreement whereby he agreed to secretly trade child pornography, including images depicting Child 1 and Child 2 within a defined group of pedophiles with similar sexual proclivities in a manner to avoid detection by law enforcement.

83.    In furtherance of the agreement, Defendant joined closed, underground anonymous child pornography trading communities and engaged in a cooperative effort to keep law enforcement from discovering the identities of any members of the conspiracy.

85.    In furtherance of this understanding, Defendant knowingly and unlawfully received and distributed images depicting the abuse of Child 1 and Child 2 using peer-to-peer file sharing software, which allows users to download content from one computer to another.

86.    As a result of this coordinated activity, Defendant came into possession of images depicting the sexual abuse of Child 1 and Child 2.

87.    The images possessed by Defendant depicted the sexual abuse of two very young children and, by receiving and distributing the images, Defendant enabled himself and his co-conspirators to intentionally invade the privacy of and inflict emotional distress upon Child 1 and Child 2.

88.    As a direct and proximate cause of Defendant's coordinated actions, Child 1 and Child 2 suffered and continue to suffer acute personal injury in the form of severe emotional distress from the knowledge that Defendant derived sexual gratification from receiving and distributing images depicting the vile acts perpetrated upon them.

89.    As a direct and proximate cause of Defendant's coordinated actions, Child 1 and Child 2 suffered personal injury in the form of severe emotional distress because Defendant instigated the creation of the images by providing motivation for their creation.

90.     As a direct and proximate cause of Defendant's coordinated actions, Child 1 and Child 2 suffered personal injury in the form of acute emotional distress because Defendant has perpetuated the market for the continued viewing and distribution of the images depicting the abuse of Child 1 and Child 2.

91.     As a direct and proximate cause of Defendant's coordinated actions, Child 1 and Child 2 live now, and will perpetually live, in fear that any person they encounter in their daily lives may recognize them as the children depicted in the obscene images received and distributed by Defendant.

92.     As a direct and proximate cause of Defendant's coordinated actions, Child 1 and Child 2 have suffered economic losses including (without limitation): past and future counseling and medical expenses, diminished earning capacity and economic harms relating to various trauma-related symptoms from which they now suffer and will continue to suffer in the future.

93.     Defendant's coordinated actions were motivated by actual malice as Defendant received and distributed the images despite the severe and irreparable harm he knew would be felt by the children depicted in the images in which he trafficked.

**WHEREFORE,** Plaintiff demands eight million dollars ($8,000,000.00) in compensatory damages and twenty-four million dollars ($24,000,000.00) in punitive damages, plus attorneys' fees, expert fees, other reasonable costs and any relief the Court may deem equitable and just in light of the severe harm perpetrated upon Child 1 and Child 2 by Defendant.

Respectfully submitted,

Dated: May 20, 2014

 /s/ Steven J. Kelly
Steven J. Kelly, Federal Bar No. 27386
Andrew C. White, Federal Bar No. 0821
SILVERMAN THOMPSON SLUTKIN WHITE, LLC
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
Tel.: (410) 385-2225
Fax: (410) 547-2432
skelly@mdattorney.com
awhite@mdattorney.com

*Counsel for Plaintiff*

### DEMAND FOR JURY TRIAL

Plaintiff, Jane Doe, as next friend of individuals known to Defendant as Child 1 and Child 2 in the video series known as YKND and/or DKNY, minors, by and through her undersigned counsel, and pursuant to Federal Rule of Civil Procedure 38(b) hereby demands a trial by jury for all issues so triable.

/s/ Steven J. Kelly
Steven J. Kelly