**Shawn M. Rideout**
Reg. No. 55659-060
Federal Correctional Institution
State Route 716
Ashland, Kentucky
41105



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| JANE DOE,<br>　　　Plaintiff<br><br>v.<br><br>SHAWN M. RIDEOUT,<br>　　　Defendant | Civ. No. **1:14-cv-01110-MJG**<br><br>Motion to Dismiss.<br><br>18 USCS § 2255<br>28 USCS § 2462<br>Fed.Rules Civ.P. 8(c)(1)<br>Fed.Rules Civ.P. 12(b)(1)---(5) |

<u>MOTION TO DISMISS</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE MARVIN J. GARBIS:

　　COMES NOW, the defendant herein SHAWN M. RIDEOUT, by special appearance in propria persona, and respectfully requests this Honorable Court to apply liberal construction to this instant motion (including all subsequent pleadings, if any) in conformance with the Supreme Court of the United States holdings in <u>Haines v. Kerner</u>, 410 US 519, 520, 30 L Ed 2d 652, 92 S Ct 594 (1972)(and the jurisprudence thereunder as applicable to the unrepresented litigant), which states:

　　"[T]he allegations of the pro se complaint, [. . .] we hold to less
　　stringent standards than formal pleadings drafted by lawyers[.]"
　　　　　　(end quote <u>Haines v. Kerner</u>).

　　Accordingly, Rideout requests the following relief from this Court:

**Relief Sought**

Rideout moves this Honorable Court to enter an ORDER dismissing the above

entitled and numbered action under the points of law delineated infra, to wit:

    a.   Insufficient process and service thereunder pursuant to Rules 4(m), and 12(b)(4) and (5) of the Federal Rules of Civil Procedure;

    b.   Failure to timely prosecute in violation of the relevant statutes of limitations, having been exceeded and therefore depriving the Court of subject matter jurisdiction under Rules 8(c)(1), and 12(b)(1) of the Federal Rules of Civil Procedure, 18 USCS § 2255, and 28 USCS § 2462 [relating to 18 USCS § 2252A subsection (f)]; and

    c.   Lack of personal jurisdiction under Maryland's "long-arm statute" [Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1) and (3)], wherein Rideout neither transacted "business," nor directly or through an agent caused any tortious act in the state of Maryland.

Additionally, Rideout moves this Honorable Court to SEAL this case in the interest of justice, while he is serving his sentence of incarceration, due to the nature of the complaint [if viewed on the LEXIS NEXUS Institutional Law Library publication system] and its high potential to incite other inmates to inflict substantial mental and emotional trauma, severe physical harm, or even death[1]. Keeping this action unsealed and subject to publication would amount to an act of deliberate indifference and/or willful negligence to Rideout's personal safety.

**Procedural Backround**

Plaintiff brought this complaint—ostensibly on behalf of her two (2) young children—against the defendant by filing an action in this Court on 20 May 2014[2]. Within the complaint on file at p. 1: caption, opening paragraph, and n. 2, p. 3, ¶¶ 7-9, the defendant is identified as Shawn M. Rideout, under the custody and

---

1. As can be ascertained from the defendant's criminal sentencing transcripts during his allocution [Fed.Rules Crim.P. 32(i)(4)(A)(ii)], Shawn M. Rideout, is/was a victim of child molestation/abuse for many years at the hands of two (2) male family members (i.e., uncles) starting from the age of 8 years old. See, <u>United States of America v. Shawn M. Rideout</u>, No. 1:08-cr-00332 (N.D. Ohio 2008). The defendant has never been professionally treated or counseled as to his traumatic experiences and is prone to post-traumatic stress episodes.

2. See, 18 USCS § 2255; and 28 USCS § 2462.

**MOTION TO DISMISS**                                                                          Page 2

control of the Federal Bureau of Prisons ("FBOP") under register number 55659-060, and currently warehoused at the Federal Correctional Institution located on State Route 715 [P.O. Box 6001], in the city of Ashland, Kentucky [ZIP: 41105-6001]. Having known the defendant's whereabouts at the time of filing, coupled with the fact that the defendant's location is a matter of public information via the Inmate Locator on the FBOP's website (www.bop.gov), the Plaintiff elected to wait 210-days or 213-days[3] before attempting to serve process.

### Grounds on Motion

The motion of Shawn M. Rideout respectfully shows:

1. That the defendant is filing this instant Motion to Dismiss by special appearance in order to contest the Plaintiff's assertions that this Court has subject matter and/or personal jurisdiction over the defendant.

2. Rule 4(m) of the Federal Rules of Civil Procedure states that service of process must be completed on the defendant within 120 days, unless for good cause shown for the failure, the Court must extend the time for service for an appropriate period.

3. As noted herein and in the initial complaint filed by the plaintiff, the defendant's whereabouts have been known since the time of the initial complaint's filing on 20 May 2014. The defendant is in the custody of the United States government and his address is a matter of public record.

4. Plaintiff cannot show this Court good cause as to why the time must be extended beyond the 120 days provided for service under Fed.Rules Civ.P. 4(m) and therefore service of process is defective and the Court must dismiss the action.

5. 18 USCS § 2255(b) provides:

> **Statute of limitations.** Any action commenced under this section shall be barred unless the complaint is filed within 10 years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability[.]"
> (end quote 18 USCS § 2255(b)).

---

3. See Fed.Rules Civ.P. 4(m) and 12(b)(4), (5).

6.  As can be readily determined by the conviction and sentence in <u>United States v. Shawn M. Rideout</u>, No. 1:08-cr-00332 (N.D. Ohio 2008), in or about July of 2008 defendant was arrested and incurred a legal disability from that time period to the present. This represents a total period of 78 months and is well in excess of the three-year statute of limitations provided under 18 USCS § 2255(b). Thus, this Court is divested of subject matter jurisdiction and the plaintiff is time-barred from seeking relief under this statute.

7.  18 USCS § 2252A(f) establishes civil remedies for any person aggrieved by reason of the conduct prohibited under subsection (a) may commence a civil action for relief by way of:

    a.  Temporary, preliminary, or permanent injunctive relief;

    b.  Compensatory and punitive damages; and

    c.  The cost of the civil action and reasonable fees for attorneys and expert witnesses.

8.  28 USCS § 2462 provides the time for commencing proceedings which states:

> "Except as otherwise provided by Act of Congress, an action, suit, or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service be made thereon.
> (end quote 28 USCS § 2462).

9.  As noted herein at point 6, ante, the claim first accrued in or about July 2008 some 71 months from the date of the filing of the initial complaint by the plaintiff in this case and is therefore time-barred as having exceeded the statute of limitations provided for civil actions under 28 USCS § 2462. 18 USCS § 2252A(f) does not establish any limitations period and therefore any action thereunder is subject to the restrictions of 28 USCS § 2462.

10. The defendant is not in possession of the statutes and laws of the State of Maryland and must therefore rely on the averments found in the initial complaint at p, 3, ¶ 11 (citing Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1), (3)).

11. Plaintiff also asserts the Due Process Clause of the XIV article of amendment of the United States Constitution. Rao v. Era Alaska Airlines, 2014 U.S. Dist. LEXIS 72287 (D.C. Md. May 28, 2014):

> "To satisfy the constitutional due process requirement, a defendant must have sufficient 'minimum contacts' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S Ct 154, 90 L Ed 95 (1945)(quotation and citation omitted). The minimum contacts test requires the plaintiff to show that the defendant 'purposely directed his activities at the residents of the forum' and that the plaintiff's cause of action 'arise[s] out of' those activities. Burger King Corp. v. Rudzewicz, 471 US 462, 472, 105 S Ct 2174, 85 L Ed 2d 528 (1985)(citation and quotation omitted). This test is designed to ensure that the defendant is not 'haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts.' Burger King, 471 US at 475 (quotations and citations omitted). It protects a defendant from having to defend himself in a forum where he should not have anticipated being sued. See World-Wide Volkswagen Corp. v. Woodson, 444 US 286, 297, 100 S Ct 559, 62 L Ed 2d 490 (1980). Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273 (4th Cir. 2009)."
> (end quote Rao v. Era Alaska Airlines).

See also ALS Scan, Inc. v. Digital Service Consultants, Inc., 293 F.3d 707, 712-714 (4th Cir. 2002):

> "[T]he court concluded that 'the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.' 952 F. Supp. at 1124. Recognizing a "sliding scale" for defining when electronic contacts with a State are sufficient, the court elaborated[.]"

[. . .]

> "If we were to conclude as a general principle that a person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the defense of personal jurisdiction, in the sense that a State has geographically limited power, would no longer exist. The person placing information on the Internet would be subject to personal jurisdiction in every state."
> (end quote ALS Scan, Inc. v. Digital Service Consultants, Inc.).

12. With respect to Maryland's "Long-Arm" Statute, there are six enumerated contacts with the State that include:

    a.   business transactions;

    b.   contracts to supply goods, food, services, or manufactured products;

    c.   causing tortious injury by an act or omission that occurs in the State;

    d.   causing tortious injury by an act or omission outside the State if certain minimum contacts with the State are maintained;

    e.   interest or use of real property in the State; or

    f.   entering into any contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State. Md. Code Ann., Cts. & Jud. Proc. § 6-103(b).

13.  The rules of ejusdem generis and noscitur a sociis establish that Maryland's "Long-Arm" Statute applies to commercial business transactions only and does not contemplate random, fortuitous, or attenuated contacts of a non-contractual and non-commercial nature. The complaint specifically cites Section 6-103(b)(1) and (3). However, the defendant's activities were not subject to the Uniform Electronic Transactions Act ("UETA") nor the Uniform Computer Information Transactions Act ("UCITA"). Both the UETA and UCITA establish cyberlaw for transacting and contracting business on the Internet and both acts have been adopted in Maryland and Ohio. Therefore, the defendant neither contracted nor conducted any business, and in-turn, did not directly or through the use of any agent cause tortious injury to the plaintiff or her children.

14.  The legal definition of "business" as found in Black's Law Dictionary, 9th Ed., (c) 2009 Thomson Reuters, only contemplates commercial transactions and does not apply itself to matters that are purely for personal inquiry. Accord, Anderson's Law Dictionary, (c) 2009, Anderson's Publishing; Ballentine's Law Dictionary, (c) 1969, The Lawyers Co-operative Publishing Company; and Webster's Unabridged Dictionary, (c) 2001, Random House, Inc.

15.  The defendant's conduct as alleged in the plaintiff's complaint falls outside the jurisdictional hook, wherein no business transaction is conducted or contemplated that invokes Section 6-103(b)(1) and (3).

16.  Rideout had no direct contact with the victims' abusers, solicited no offers, did not provide or request for any consideration, and no meeting of the minds

occurred between Rideout and the abusers of plaintiff's children.  In other words, no contractual relationship was formed in any capacity recognized under the law so as to invoke the jurisdictional laws of the State of Maryland into another State's, or even the Federal, forum.

17. Moreover, Rideout did not at any point in time establish a relationship of agency with anyone pursuant to the Restatement (Second) of Agency, either by word, action, deed, or course of conduct, and thereby commit a tortious act (directly or otherwise) within the State of Maryland.

### Conclusion

18. The action instituted by the plaintiff against Shawn M. Rideout cannot be prosecuted past the relevant statute of limitations, nor can plaintiff establish good cause for defective and/or excessive delay in service of process of the summons and complaint on the defendant some seven (7) months after initial filing.

19. Rideout is not subject to the jurisdiction and venue of the United States District Court for the District of Maryland under the provisions of the inapplicable Maryland "Long-Arm" Statute, and the Court's subject matter jurisdiction has been divested at the expiration of the statute of limitations established under 18 USCS § 2255 and 28 USCS § 2462 (applicable to 18 USCS § 2252A(f)).

20. In lieu of the above, and pursuant to Rules 8(c)(1) and 12(b)(1)---(5), this Honorable Court is mandated to dismiss plaintiff's action with prejudice on this defendant.

WHEREFORE, PREMISES CONSIDERED, Shawn M. Rideout respectfully requests this Honorable Court to issue relevant ORDERS directing:

    a.   that plaintiff's complaint against the defendant be dismissed with prejudice;

    b.   that the action be stricken from the Court's active docket;

    c.   that the case be SEALED and UNPUBLISHED in the interest of justice; and

    d.   granting all relief to which Rideout is entitled.

DATED: 30 December 2014
       Ashland, Kentucky

Respectfully submitted,

*/s/ Shawn M. Rideout*

SHAWN M. RIDEOUT
Reg. No. 55659-060
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 6001
ASHLAND, KY 41105-6001

DEFENDANT, Pro Se

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## Certificate of Service

I, Shawn M. Rideout, certify under the penalty of perjury pursuant to title 28 USCS § 1746, that I placed a copy of the original Motion to Dismiss attached hereto, into the Inmate Outgoing Mail system with prepaid first class U.S. Postage affixed thereto on this _4th_ day of _January_, 20_15_, for delivery and filing to the following addressees:

Clerk of the Court
United States District Court
District of Maryland
Northern Division
101 Lombard Street
Baltimore, MD 21201-2606

Steven J. Kelly
Silverman Thompson Slutkin & White, LLC
201 North Charles Street
Suite 2600
Baltimore, MD 21201

_____
SHAWN M. RIDEOUT
Reg. No. 55659-060